704 So.2d 498 (1997)
George James TREPAL, Appellant,
v.
STATE of Florida, Appellee.
No. 87222.
Supreme Court of Florida.
March 27, 1997.
Rehearing Denied November 26, 1997.
Rehearing Denied January 16, 1998.
Todd G. Scher, Assistant CCR, Office of the Capital Collateral Representative, Tallahassee, for Appellant.
Carol M. Dittmar, Assistant Attorney General, Tampa, on behalf of the State of Florida; and Pamela A. Chamberlin and Karen Williams Kammer of Mitrani, Rynor & Adamsky, P.A., Miami, and W. Joseph Thesing, Jr., Atlanta, GA, on behalf of the Coca-Cola Company, for Appellee.
PER CURIAM.
We have on appeal the denial of the request by George James Trepal, a death-sentenced defendant, to gain access to records allegedly in the possession of the Coca-Cola Company. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm.
Trepal was convicted of first-degree murder and sentenced to death for poisoning Peggy Carr and her family with thalliumlaced bottles of Coca-Cola in 1988. Trepal v. State, 621 So.2d 1361 (Fla.1993). His conviction and sentence were affirmed. Id. Nearly two years after the appeal was final, the Office of the Capital Collateral Representative (CCR) filed a motion to compel Coca-Cola to disclose all files relating to the murder. Coca-Cola opposed the motion, saying that it had turned over all relevant files to law enforcement agencies long ago. The trial court denied the motion. Trepal appeals.
Trepal claims the court erred in the following: The Coca-Cola Company assumed a law enforcement role and thus is subject to the public records law; the court failed to consider that this is a death case; Coca-Cola engaged in a governmental function, i.e., critical laboratory testing; notions of fundamental fairness and due process dictate that the records be disclosed. We disagree.
The trial court conducted a hearing on this matter and denied Trepal's motion via the following order:

ORDER DENYING MOTION TO COMPEL DISCLOSURE OF DOCUMENTS
This cause came before the court on defendant's Motion to Compel Disclosure of Documents By The Coca-Cola Company pursuant to Chapter 119.01 et seq., filed on May 16, 1995.
A hearing on the issue of whether The Coca-Cola Company was a "public agency" or acted "on behalf of" a public agency was held on October 20, 1995. Having reviewed the briefs and heard argument from counsel, the court concludes that the issues presented by the Motion are governed by the decision of the Supreme Court of Florida in News and Sun-Sentinel v. Schwab, 596 So.2d 1029 (1992).... The Coca-Cola Company is not a Florida public agency, nor was it acting on behalf of a public agency when it conducted tests *499 that were disclosed to the Polk County Sheriff's Office and Federal Bureau of Investigation and later used as evidence at Mr. Trepal's trial.
This conclusion follows from an analysis of the factors cited in News and Sun-Sentinel in light of the particular facts and circumstances presented here:
a. Level of Public FundingThe Coca-Cola Company received no public funding;
b. Commingling of Fundsthere was no commingling of public funds with those of The Coca-Cola Company;
c. Activity Conducted on Public Propertythe activities of The Coca-Cola Company were not conducted on public property;
d. Governmental Functionone of the activities in which The Coca-Cola Company participated, conducting lab tests, can be considered to be a traditional government function of law enforcement authorities investigating a product tampering case;
e. Integral Part of Decision Making Processalthough product testing may be a governmental function, it is not an integral part of the decision making process of law enforcement authorities; and
f. Extent of Public Agency's Involvement With Private Entitythere was no substantial involvement of any public agency in the affairs of The Coca-Cola Company, which was neither created nor funded by a public agency, and the testing and other activities of The Coca-Cola Company were conducted for the benefit of the Company itself as well as in response to requests from law enforcement authorities.
From a balancing of these factors, it is clear The Coca-Cola Company was not acting on behalf of a public agency when it cooperated with law enforcement authorities investigating the death of Peggy Carr and the illnesses of her sons. There is no evidence that the Polk County Sheriff's Office delegated certain product testing to The Coca-Cola Company in an attempt to hide these activities from public scrutiny....
ORDERED AND ADJUDGED that the Motion to Compel Disclosure of Documents of The Coca-Cola Company be and the same is hereby denied.
This Court in News and Sun-Sentinel Co. v. Schwab, Twitty & Hanser Architectural Group, Inc., 596 So.2d 1029 (Fla.1992), held that courts should use a "totality of factors" test for determining when a corporation is acting sufficiently on behalf of a public agency to subject it to the public records law. We set forth a non-exclusive list of factors, including: 1) the level of public funding; 2) commingling of funds; 3) whether the activity was conducted on publicly owned property; 4) whether services contracted for were an integral part of the public agency's decision-making process; 5) whether the private entity was performing a governmental function; 6) the extent of the public agency's involvement in the corporation; 7) whether the private entity was created by the public agency; 8) whether the public agency had a substantial financial interest in the private entity; and 9) for whose benefit the private entity functioned. Id. at 1031.
As is apparent from the trial court's order quoted above, the court's application of the Schwab "totality of factors" test to the present case turned primarily on a series of factual determinations. Our review of the record shows that competent substantial evidence supports those findings.[1] Accordingly, we are precluded from substituting our judgment for that of the trial court on this matter. See generally Orme v. State, 677 So.2d 258, 262 (Fla.1996)("Our duty on appeal is to review the record in the light most favorable to the prevailing theory and to sustain that theory if it is supported by competent substantial evidence."), cert. denied, ___ U.S. ___, 117 S.Ct. 742, 136 L.Ed.2d 680 (1997). We affirm the order under review.
It is so ordered.
*500 KOGAN, C.J., and OVERTON, SHAW and HARDING, JJ., concur.
ANSTEAD, J., concurs with an opinion.
GRIMES and WELLS, JJ., recused.
ANSTEAD, Justice, concurring.
I concur fully in the majority opinion and the denial of rehearing and write separately only to note the narrowness of the issue we decide, i.e., the application of public records law to a private entity. Our decision does not foreclose any other relief or discovery that may be available to the appellant. Nor does it foreclose further proceedings in the trial court based upon the new matters referred to in appellant's "Supplement To Motion For Rehearing With Request For Further Briefing On The Issues And/Or Relinquishment For Further Factual Development."
NOTES
[1] The trial court had before it the following: the record of the entire trial, including the testimony of detectives and Coca-Cola officials concerning the testing of Coke bottles; the briefs of the parties; the argument of counsel; and Trepal's proffered evidence (two letters, which the court accepted for identification, and a book excerpt.)